ACE BUS TRANSPORTATION COMPANY, PRINCE BUS CORPORATION, DROGIN BUS COMPANY, INCORPORATED, and B. & P. BUS COMPANY, INCORPORATED, appellants,

*v.*

SOUTH HUDSON COUNTY BOULEVARD BUS OWNERS ASSOCIATION et al., respondents.

[Submitted May 31st, 1935. Decided October 9th, 1935.]

*Mr. LeRoy Vanderburgh,* for the appellants.

*Mr. Charles Hershenstein,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

Without committing ourselves to the various statements of the law set forth in the opinion filed in the court below, our examination of the proofs in this case leads us to the conclusion that the bill was properly dismissed.

The first constitution and rules adopted by the defendant association (unincorporated) in 1922, we agree with the learned vice-chancellor, were entirely superseded by a new constitution in 1930, and this new constitution places in the hands of the trustees the right to make rules governing the association. The operation of the buses of the individual members of the association, however, was a matter within the control of these members and the public authorities from whom licenses to operate were obtained.

There was no restriction in the constitution of the association which forbade the individual operators from engaging in interstate transportation (all had hitherto been operating locally within the state), the principal thing the bill was filed to restrain, and where the trustees, in the interest of the members as a whole, observing the inroads made upon the local business by operators outside the association carrying on an interstate business partly within the field of operations of members of the association, impliedly sanctioned the extended interstate operation of some of its members and recognized a necessary concession in the expense of such operation, they were exercising an authority granted by the constitution. The learned vice-chancellor so found.

We agree with this conclusion; there was nothing under the proofs to justify the exercise of the restraining power of the court of chancery, and the bill was properly dismissed.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY. JJ. 15.

*For reversal*—None.